**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JOSE' A. RUBIANI,                  *

                                *

         Petitioner,       *

                                *

VS.                        *     CASE NO. 4:06-CV-10 (CDL)

                                *       28 U.S.C. § 2254

FRED BURNETT, Warden,     *

                                *

         Respondent     *

## REPORT AND RECOMMENDATION

According to his application, Petitioner pled guilty to murder an robbery by force and was sentenced to life plus twenty years in state prison on November 25, 1987. While incarcerated on those charges, Petitioner pled guilty to criminal trespass, aggravated assault and escape and was sentenced to twelve months on the trespass charge and four years on the assault and escape charges. The following year, still while incarcerated on the murder charge, Petitioner was convicted of escape and sentenced to one year in prison. On December 6, 2005, Petitioner, who is currently incarcerated in the Telfair State Prison in Helena, Georgia, filed the current petition pursuant to 28 U.S.C. § 2254, contending that the Georgia Board of Pardons and Paroles failed to timely consider him for parole, and that because he had been sentenced to a life term of imprisonment, the Board was without the authority to deny his parole. (R-1, Exh.3).

The AEDPA codified at 28 U.S.C. § 2244(d) provides:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Eleventh Circuit Court of Appeals has held that a petition filed under 28 U.S.C. § 2254 is properly filed when a state prisoner is seeking federal habeas relief pursuant to a decision of a parole board. *See, Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004). Specifically, the Court held that:

Section 2254 is triggered where a prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Appellant is in custody pursuant to the judgment of the Florida court. Therefore § 2254 applies to Appellant's petition. A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner--*i.e.,* if he is "in custody pursuant to the judgment of a State court"--then we must apply its requirements to him.

Because it is clear that the AEDPA one year limitations period is applicable to the

Petitioner's current action, then, the court must now determine if the action is timely.  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(a)(A).  In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339.  The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA.  *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987).  In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d).  Pursuant to Eleventh Circuit case law, the Petitioner's limitations period began to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights. *See, Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).   For purposes of this case, then, Petitioner became aware of any action he may have against the Board in November of 1994, the date on which the Board first revoked his parole.  However, the AEDPA limitations period did not go into

effect until April 24, 1996.  As such, any cause of action which accrued prior to the enactment of the limitations period would begin to run on April 24, 1996, and end on April 23, 1997.  Thus, Petitioner had until April 23, 1997, to file any application for state post-conviction relief.

Of note, the Petitioner was again denied parole in 2002.  The Eleventh Circuit has held, however, that "[T]he successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." *See, Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003)(citing the reasoning for the *Lovett v. Ray* decision that the action accrues when the Petitioner first "knew or should have known" of the violation).

Here, Petitioner Rubiani waited until December 19, 2005, more than six years afer his one year limitations period had run.  As such, Petitioner's application is untimely and should be dismissed.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED.**  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 16th day of June, 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe